UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| AIG SPECIALTY INSURANCE COMPANY | * | CIVIL ACTION |
| VERSUS | * | NO. 22-5410 |
| JAMES AGEE, ET AL. | * | SECTION "L" (2) |

**ORDER AND REASONS**

Pending before me is Plaintiff AIG Specialty Insurance Company's Motion for Limited Stay of Discovery. ECF No. 77. Also pending is its Motion for Expedited Hearing regarding same. ECF No. 78.

Having considered the record, the submissions and arguments of counsel, and the applicable law, AIG's Motion for Expedited Hearing (ECF No. 78) is GRANTED, and its Motion for Limited Stay of Discovery (ECF No. 77) is DENIED for the reasons stated herein.

I.  **BACKGROUND**

AIG filed this suit seeking a declaratory judgment that none of its specialty policies issued to UTC Laboratories, LLC (or its officers directors, employees or other participants) provides coverage for employment-related claims asserted by Defendants James Agee or Shea Cox Harrelson against UTC in EDLA Civil Action No. 17-4755 or 24th Judicial District Court No. 776,917. ECF No. 1 ¶3. After a settlement with reservation, Defendants obtained a judgment against UTC in the state court proceeding on their employment-related breach of contract and unpaid wage claims. *Id.* ¶ 32-34, ¶ 37. AIG contends that its policies do not provide coverage and that UTC failed to provide proper notice of the claims. *Id.* at ¶¶ 41-52.

The Court's April 10, 2023 Scheduling Order establishes a bench trial date of November 20, 2023, with a discovery deadline of October 2, 2023. ECF No. 31. On August 9, 2023, this Court held a status conference to assist the parties in selecting deposition dates. ECF No. 65.

1

During that conference, the parties exchanged available dates for deposition, and on August 16, 2023, Defendants issued a Rule 30(b)(6) notice for the agreed date of September 1, 2023. ECF No. 71-2. AIG moved for a protective order on August 22, 2023, setting that motion for submission on September 6, 2023. ECF No. 71, 71-5. AIG did not seek expedited hearing at that time but did request oral argument. ECF No. 72.

Concerned that AIG would not appear for the scheduled September 1, 2023, deposition, Defendants emailed my chambers to request a status conference. In response, AIG notified the Court that it intended to file a Motion for Limited Stay of Discovery until resolution of the Rule 12(b)(6) Motion to Dismiss Counterclaim filed on August 15, 2023, in response to the Counterclaim filed January 10, 2023, and answered on January 31, 2023. ECF Nos. 66, 7, 9.

AIG filed its Motion for Limited Stay of Discovery and Motion to Expedite Consideration of same on August 28, 2023. ECF Nos. 77, 78. AIG seeks an Order barring Defendants from conducting their noticed 30(b)(6) deposition of AIG or, alternatively, postponing and deferring the deposition until after Judge Fallon has ruled on AIG's pending Motion to Dismiss Counterclaim and I have ruled on AIG's Motions for Protective Order and to Compel Supplemental Discovery Responses (ECF Nos. 69, 71), both of which are set for submission on September 6, 2023. ECF No. 77 at 2-3. AIG asks that this Court exercise its inherent power to stay discovery until preliminary questions that may dispose of the case are determined. *Id*. at 4, 5-7, 7-11.

## II. APPLICABLE LAW AND ANALYSIS

No federal or local rule, statute, or binding case law automatically stays discovery pending a ruling on a motion to dismiss.[1] Nor is a stay of discovery permitted merely because defendant

---

[1] *See, e.g., Escareno ex rel. A.E. v. Lundbeck, LLC,* No. 14-257, 2014 WL 1976867, at *2 (N.D. Tex. May 15, 2014) ("motion to dismiss does not automatically stay discovery ... until the motion is resolved.") (citing *Glazer's Wholesale Drug Co. v. Klein Foods, Inc*., No. 08-774, 2008 WL 2930482, at *1 (N.D. Tex. July 23, 2008)). In fact, a stay of

believes it will prevail on its motion to dismiss: "[H]ad the Federal Rules contemplated that a motion to dismiss under FED. R. CIV. P. 12(b)(6) would stay discovery, the Rules would contain a provision to that effect."[2] Indeed, a stay while dispositive motions are pending is the exception rather than the rule.[3] When the Court's discovery deadline is approaching, discovery must proceed.[4]

As a matter of federal procedure, a request to stay discovery is considered a motion for protective order under FED. R. CIV. P. 26(c)(1)(A), (B). As such, AIG must establish good cause to support the issuance of a protective order, which requires a "particular and specific demonstration of fact as distinguished from stereotyped and conclusory statements.'"[5] Here, AIG makes no particular and specific demonstration that going forward with discovery would be oppressive, unduly burdensome, or expensive. Rather, it argues that, because it will prevail on its pending motion to dismiss, the discovery is unnecessary.

AIG waited almost a full seven months before filing its Rule 12(b)(6) motion. It answered on January 31, 2023, participated in two scheduling conferences on March 30, 2023, and April 6, 2023, during which dates were selected for, among other things, trial and completion of discovery, and engaged in the exchange of written discovery before that time. Now, with just over one month until expiration of the discovery deadline, AIG seeks a limited stay discovery based on its recent

---

discovery pending resolution of a motion to dismiss is the exception rather than the rule." *Id.* (quotation omitted) (quoting *Glazer's Wholesale Drug Co.*, 2008 WL 2930482, at *1).
[2] *Valenzuela v. Crest-Mex Corp.*, No. 16-1129, 2017 WL 2778104, at *5 (N.D. Tex. June 26, 2017) (citation omitted).
[3] *Notariano v. Tangipahoa Par. Sch. Bd.,* No. 16-17832, 2018 WL 3844882, at *2 (E.D. La. Aug. 13, 2018) (citation omitted); *Griffin v. Am. Zurich Ins. Co.*, No. 14-2470, 2015 WL 11019132, at *2 (staying discovery while a motion to dismiss is pending "is the exception rather than the rule.") (citation omitted).
[4] *See, e.g., Egana v. Blair's Bail Bonds, Inc.*, No. 17-5899, 2019 WL 8277616, at *3 (E.D. La. Jan. 23, 2019).
[5] *In re Terra Int'l, Inc*., 134 F.3d 302, 306 (5th Cir. 1998) (quoting *United States v. Garrett*, 571 F.2d 1323, 1326 n.3 (5th Cir. 1978)); *see also United States v. Talco Contractors, Inc*., 153 F.R.D. 501, 513 (W.D.N.Y. 1994) ("Good cause must be established and not merely alleged."). Thus, "[t]he Court does have discretion to stay discovery 'for good cause shown.'" *Escareno*, 2014 WL 1976867, at *1 (quoting FED. R. CIV. P. 26(c)(1) ) (citing *Landry v. Air Line Pilots Ass'n*, 901 F.2d 404, 436 (5th Cir. 1990)). Given the court's "broad discretion to manage the conduct of discovery, ... [n]o categorical rule is appropriate; rather each case should be considered based on its unique facts and context." *Sai v. Dep't of Homeland Sec*., 99 F. Supp. 3d 50, 58 (D.D.C. 2015) (quotation and citations omitted).

Rule 12(b)(6) filing. AIG fails to establish facts to support an exception to the general rule that discovery proceeds while motions to dismiss are decided nor has it established good cause for a stay of discovery at this late date, particularly given that the parties have already engaged in extensive written discovery and the deadline for completion of discovery expires on October 2, 2023.

Although AIG has filed a motion to quash or motion for protective order, a pending motion does not relieve a party of the duty to appear. The party is obliged to appear until some order of the court excuses attendance. As the Fifth Circuit expressly stated: "A motion to quash must be not only made but *granted* before the scheduled deposition to excuse compliance."[6] AIG received timely notice of the deposition and, although it filed a motion for a protective order, it did not seek expedited hearing on same prior to the deposition date. Likewise, the fact that AIG's Motion to Compel Supplemental Responses remains pending until September 6, 2023 does not constitute good cause to stay discovery at this time. Should AIG seek resolution of these matters before the scheduled deposition, it should seek expedited hearing of same.

### III. CONCLUSION

AIG waited almost seven months after its answer to file the pending motion to dismiss and it has already engaged in significant discovery. Now, with just over one month remaining in the discovery period, AIG seeks to stay discovery. AIG has not established justification to deviate from the general rule that a pending motion to dismiss does not stay discovery, nor has it established good cause for a protective order staying discovery at this late date. If resolution of the pending motions is necessary, AIG should seek expedited consideration of same.

Accordingly, for the foregoing reasons,

---

[6] *King*, 712 F.2d at 191 (emphasis in original); see also *Barnes v. Madison*, 79 F. App'x 691, 707 (5th Cir. 2003).

4

IT IS ORDERED that AIG's Motion for Expedited Hearing (ECF No. 78) is GRANTED.

IT IS FURTHER ORDERED that AIG's Motion for Limited Stay of Discovery (ECF No. 77) is DENIED.

New Orleans, Louisiana, this ___29th___ day of August. 2023.

                                             DONNA PHILLIPS CURRAULT
                                             UNITED STATES MAGISTRATE JUDGE