UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| AIG SPECIALTY INSURANCE COMPANY | CIVIL ACTION NO. 2:22-cv-05410-EEF-DPC |
| v. | JUDGE ELDON E. FALLON |
| JAMES AGEE, ET AL | MAGISTRATE JUDGE DONNA PHILLIPS CURRAULT |

**ORDER & REASONS**

Before the Court is Plaintiff AIG Specialty Insurance Company's Motion for Reconsideration of this Court's recent Order & Reasons denying the cross motions for summary judgment as to both Plaintiff and Defendants James Agee and Shea Harrelson. R. Doc. 141. Defendants oppose the motion. R. Doc. 151. After reviewing the briefings and applicable law, the Court rules as follows.

I.  **BACKGROUND**

The Court is familiar with the extensive procedural and factual history of this case and will not regurgitate it here. See this Court's November 2, 2023 Order & Reasons, R. Doc. 140 for a full history. For the purpose of this motion, the relevant background is as follows.

Plaintiff AIG Specialty Insurance Company ("AIG") brought this action against Defendants James Agee ("Agee") and Shea Harrelson ("Harrelson") (collectively, "Defendants") seeking declaratory judgment from the Court that it is has no duty or obligation to pay out a judgment obtained by Defendants in state court against UTC Laboratories, Defendants' former employer, which was insured by AIG. R. Doc. 1 at 2-3. Both parties filed cross motions for summary judgment in early October 2023 seeking to resolve whether coverage exists for the Defendants' state court judgment. On October 19, 2023, this Court heard oral argument on these

1

motions and took them under advisement. The Court then issued an Order & Reasons on November 2, 2023 denying both motions, reasoning that too many questions of fact remained to grant either party judgment as a matter of law as to the coverage question. R. Doc. 140. This matter is set for a bench trial on Monday, December 4, 2023.

## II.     PRESENT MOTION

AIG filed a Rule 54(b) Motion for Reconsideration as to the Court's recent order denying summary judgment, urging the Court to specifically address whether the wage exclusion and/or the breach of contract exclusion, contained in both their policies' Employment Practices Liability Section (EPL) and the Directors, Officers and Private Company Liability Insurance Section (D&O), preclude coverage for the state court judgment and therefore obviate the need for a trial. R. Doc. 141. AIG argues that the Court failed to specifically state in its recent Order whether these exclusions apply and AIG therefore seeks partial reconsideration pursuant to Rule 54(b). R. Doc. 141-1 at 3. In their motion for summary judgment, AIG put forth several arguments in favor of denying coverage, including (1) that the breach of contract exclusions contained in the D&O and EPL sections bar coverage in this case because the underlying dispute was based on a breach of Defendants' employment contracts, and (2) that the wage exclusions contained in both sections bar coverage for claims for losses that relate to failure to pay wages, and AIG argued that Defendants' claims were fundamentally about unpaid wages. *See* R. Doc. 117-1 at 2-3. In the instant motion, AIG argues that the Court did not specifically address whether these exclusions apply to bar coverage and urges the Court to do so now in the event that coverage is barred as a matter of law and trial is unnecessary.

In opposition, Defendants argue that the Court did address these issues in its recent Order and further, that the Court spent time on these exclusions during oral argument on October 19,

2023. R. Doc. 151 at 2. Defendants argue that the wage exclusion in the EPL section contains limiting language that states the exclusion does not apply if the claim is for retaliation. *Id.* at 4-5. Defendants explain, as they have in earlier motions and at oral argument, that their termination can be construed as "retaliation," as defined under the policies, and therefore the wage exclusion contained in the EPL section does not apply. The D&O section does not contain this retaliation limiting language; however Defendants argue that even so, the money they seek is not properly classified as "wages" because they seek bonuses and commissions, penalty wages, and attorneys' fees and costs. *Id.* at 6-7. They concede there is an argument that the bonuses/commissions might be considered wages but urge the Court to consider them more akin to profit-sharing, as these bonuses could be negative and count "against the employee in the following quarter." *Id.* at 6-7. Defendants additionally argue that under their employment agreements, the commissions and bonuses they were due constituted severance pay, which does not constitute payment for services rendered and are not wages. *Id.* at 7. They analogize severance pay to the policy's limiting language excepting "front pay damages" from the wage exclusion. *Id.*

Defendants additionally argue that the contract exclusions contained in the EPL and D&O sections are vague and can be reasonably construed to afford coverage due to the language which excepts "liability which would have attached in the absence of such express contract or agreement," arguing that the statutory duty under the Louisiana Wage Payment Act (LWPA) would have attached regardless. *Id.* at 8-10.

### III. APPLICABLE LAW

#### a. Reconsideration

Since the Federal Rules of Civil Procedure do not specifically recognize a motion for reconsideration, such motions are treated as either a motion to challenge a judgment or order under

Rule 54(b), 59(e), or 60(b). *Holmes v. Reddoch*, 19-12749, 2022 WL 16712872 at *2 (E.D.La. Nov. 4, 2022). While Rules 59 and 60 apply to final judgments only, "if a party seeks reconsideration of an order that adjudicates fewer than all the claims among all the parties prior to entry of final judgment, then Rule 54(b) controls." *Id.* Rule 54 provides that district courts "possess[] the inherent procedural power to reconsider, rescind, or modify an interlocutory order for cause seen by it to be sufficient." *Melancon v. Texaco*, 659 F.2d 551, 552 (5th Cir. 1981). Under such a standard, district courts can be "more flexible, reflecting the inherent power of the rendering district court to afford such relief from interlocutory judgments as justice requires." *Austin v. Kroger Tex., L.P.*, 864 F.3d 326, 336-37 (5th Cir. 2017). Though this standard is lower than the threshold used for reconsideration of judgments under Rule 59, courts still "look to similar considerations as those it considers when evaluating Rule 59(e) motions." *Edwards v. Take Fo' Records, Inc.*, 19-12130, 2020 WL 3832606 at *11 & n.2 (E.D. La. July 8, 2020). These considerations include "(1) an intervening change in the controlling law, (2) the availability of new evidence not previously available, or (3) a manifest error in law or fact." *Henry v. New Orleans La. Saints, L.L.C.*, No. 15-5971, 2016 WL3524107, at *2 (E.D. La. June 28, 2016).

    b. **Insurance Contract Interpretation Under Louisiana Law**

Louisiana law applies the general rules of contract interpretation to construe insurance policies. *Trinity Indus., Inc. v. Ins. Co. of N. Am.*, 916 F.2d 267, 269 (5th Cir. 1990). Courts interpreting liability policies should interpret such policies "to effect, rather than to deny coverage" but "it is well-settled that unless a statute or public policy dictates otherwise, the insurers may limit liability and impose such reasonable conditions or limitations upon their insureds." *Supreme Services & Specialty Co., Inc. v. Sonny Greer, Inc.*, 958 So. 2d. 634, 638-39 (La. 2007). Further, when exclusionary provisions are unambiguous, they "must be given effect." *Id.* at 639. In

Louisiana, "[t]he burden rests with the insured to prove that an insurance policy covers a particular claim." *IberiaBank Corp. v. Illinois Union Insurance Co.*, 953 F.3d 339, 346 (5th Cir. 2020). However, the burden of proving the applicability of an exclusion rests with the insurer. *Jones v. Estate of Santiago*, 870 So. 2d 1002, 1010 (La. 2004)).

### IV.     DISCUSSION

The Court grounds its discussion in the standard for reconsideration, which require a court to consider factors such as "(1) an intervening change in the controlling law, (2) the availability of new evidence not previously available, or (3) a manifest error in law or fact." *Henry*, 2016 WL3524107, at *2. There has been no intervening change in controlling law, nor has new evidence not previously available surfaced in this matter. Therefore, the Court must look for a manifest error in law or fact and in this case finds none.

First, in its November 2, 2023 Order, this Court examined whether a LWPA claim constitutes a claim in contract or a claim in statutory tort because this issue was argued orally before the Court in October within the context of the Direct Action Statute. In its analysis, the Court looked to *Grabert v. Iberia Parish School Board*, wherein the Louisiana Supreme Court explained the difference between claims for unpaid wages and breach of contract claims despite their frequent overlap. *See* 638 So. 2d 645, 647 (La. 1994). In *Grabert*, the Supreme Court reasoned that the fact that there was a breach of contract did not change the underlying nature of the claim, which was one for unpaid wages. *Id.* (rejecting the argument that the plaintiffs' claims dealt exclusively with rights in their employment contracts, stating "this argument is unpersuasive as virtually all claims for wages arise out of breach of contract, oral or written, to pay wages for services rendered").

Next, this Court looked to *Osborn v. Computer Sciences Corp.*, wherein a federal court in Texas applied a Third Circuit characterization of a statutory tort in the FLSA context, distinguishing between "a claim asserting a violation of a personal injury tort or tort type right" from a claim asserting "an economic right arising out of contract." 2004 WL 5454227, at *6-7 (W.D. Tex. Oct. 25, 2004) (*quoting Byrne v. Commissioner*, 883 F.2d 211, 215 (3d Cir. 1989)). This Court then applied that logic, holding that

> the LWPA arguably establishes a duty to pay wages, independent from an employment contract. While the contract may be helpful in determining the *amount* of wages owed, see *Monroe*, 147 So. 3d 787 (La. App. 2 Cir. 2013), courts appear to treat claims for wages as a violation of a statutory duty imposed by the LWPA and not as a breach of contract.

R. Doc. 140 at 14. Accordingly, the Court finds no reason to disturb its November 2, 2023 Order & Reasons as to the breach of contract exclusion. The Court states here that the breach of contract exclusions in the EPL and D&O sections of the AIG policies do not bar coverage for the state court judgment because coverage exists when liability would otherwise attach absent the agreement. The Court so found that liability would attach absent the agreement by virtue of the LWPA and therefore finds no manifest error of law or fact on this issue.

The Court turns next to the wage exclusions. While the EPL section includes an exception to the wage exclusion for claims rooted in retaliation, the D&O section does not. The Court admittedly did not specifically address whether these wage exclusions (and retaliation exception) apply in its November 2, 2023 Order. In Louisiana, "[w]hether a bonus constitutes wages under [the LWPA] is a mixed question of law and fact." *Locke v. MADCON Corp.*, 360 So. 3d 419, 526 (La. App. 1 Cir. 2022). Therefore, the Court is hesitant to grant summary judgment on this matter. Further, "[t]he test for the determination of whether payment to an employee is a 'wage' under [the LWPA] is not whether the amount owed was paid by the 'hour, day, week or month,' but

rather whether the amount owed was earned by the employee during a pay period." *Id.* (citing *Kaplon v. Rimkus Consulting Grp., Inc.*, 39 So. 3d 725, 734-35 (La. App. 4 Cir. 2010)). The parties dispute the characterization of multiple categories of damages in the state court judgment, including whether the bonuses are wages or not, and whether the severance pay was front pay damages.

Additionally, Defendants have argued that their termination constitutes retaliation, as defined by the policies, and have pointed to the evidence adduced in state court as to profanity-laced emails sent among their supervisors relating to Defendants. *See, e.g.*, R. Doc. 151 at 10-11. These are factual inquiries, and the Court finds no manifest error in law or fact in its November 2, 2023 Order declining to grant summary judgment on these items.

Accordingly, AIG's Motion for Reconsideration is **DENIED**.

New Orleans, Louisiana, this 30th day of November, 2023.

_____
United States District Judge