UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| AIG SPECIALTY INSURANCE COMPANY | CIVIL ACTION NO. 2:22-cv-05410-EEF-DPC |
| v. | JUDGE ELDON E. FALLON |
| JAMES AGEE, ET AL | MAGISTRATE JUDGE DONNA PHILLIPS CURRAULT |

## ORDER & REASONS

Before the Court is Plaintiff AIG Specialty Insurance Company's Emergency Motion objecting to the addition to Defendants' retaliation claim or defense. R. Doc. 170. After reviewing the briefings and applicable law, the Court rules as follows.

### I.   BACKGROUND

The Court is familiar with the extensive procedural and factual history of this case and will not regurgitate it here. See this Court's November 2, 2023 Order & Reasons, R. Doc. 140 for a full history. For the purpose of this motion, the relevant background is as follows.

Plaintiff AIG Specialty Insurance Company ("AIG") brought this action against Defendants James Agee ("Agee") and Shea Harrelson ("Harrelson") (collectively, "Defendants") seeking declaratory judgment from the Court that it is has no duty or obligation to pay out a judgment obtained by Defendants in state court against UTC Laboratories, Defendants' former employer, which was insured by AIG. R. Doc. 1 at 2-3. Both parties filed cross motions for summary judgment in early October 2023 seeking to resolve whether coverage exists for the Defendants' state court judgment. On October 19, 2023, this Court heard oral argument on these motions and took them under advisement. The Court then issued an Order & Reasons on November

2, 2023 denying both motions, reasoning that too many questions of fact remained to grant either party judgment as a matter of law as to the coverage question. R. Doc. 140.

In Defendants' motion for summary judgment and in opposition to Plaintiff's, one argument Defendants advanced was that the Wage Exclusion contained in the Employment Practices Liability (EPL) section of the policy included an exception for claims that are for "Retaliation," a term defined in the policy. *See* R. Doc. 115-1 at 21-22; R. Doc. 121 at 10-11.

## II.   PRESENT MOTION

AIG filed an Emergency Motion on Friday, December 1, 2023 at 2:30 PM arguing that it would be prejudicially unfair and fundamentally violative of Due Process and Fairness principles to require AIG to proceed to trial as scheduled on Monday, December 4, 2023. R. Doc. 170. AIG bases its argument on the facts that Defendants did not plead a retaliation claim in their state court suit, that the state court judgment at issue in this litigation does not award damages based on retaliation, that Defendants never pled any claim or defense in this litigation involving retaliation, and that the first time Defendants asserted such argument was in October 2023 in relation to the motions for summary judgment. Accordingly, AIG argues, fundamental fairness principles and due process require the Court to either continue the trial date or bar such arguments from entering trial.

As this motion was filed on the eve of trial, the Court authors this Order without the benefit of Defendants' opposition.

## III.   DISCUSSION

The Court is not persuaded by AIG's final hour attempt to delay or prevent this trial. This litigation at its core is about the whether coverage exists under AIG's insurance policy, and the meaning and applicability of any exclusions and exceptions contained in the policy are part and

parcel of this inquiry. As the Court understands it, "Retaliation" is a defined term in the policy and operates as an exception to an exclusion to coverage. Plaintiff has argued that the Wage Exclusion in the EPL section of the policy operates to bar recovery for Defendants' state court judgment because it involves recovery for wages. Defendants do not argue retaliation as a defense or claim; instead, they argue that this "Retaliation" exception to the Wage Exclusion contained in the EPL section, an exclusion on which Plaintiff relies to bar coverage, in fact operates to provide coverage as to the state court judgment. Defendants therefore present an argument involving the meaning and applicability of exceptions and exclusions contained in the policy, and the Court will not bar such argument from trial when the applicability of exclusions and exceptions is one of the core issues underlying the litigation.

    Accordingly, AIG's Emergency Motion is **DENIED**. AIG's Motion for Expedited Consideration of its Emergency Motion, R. Doc. 171, is **DENIED AS MOOT**.

New Orleans, Louisiana, this 1st day of December, 2023.

                                      _____
                                         United States District Judge