UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| AIG SPECIALTY INSURANCE COMPANY | CIVIL ACTION NO. 2:22-cv-05410-EEF-DPC |
| v. | JUDGE ELDON E. FALLON |
| JAMES AGEE, ET AL | MAGISTRATE JUDGE DONNA PHILLIPS CURRAULT |

## ORDER & REASONS

Before the Court is Plaintiff AIG Specialty Insurance Company's Motion for Entry of Partial Judgment of Dismissal. R. Doc. 184. Defendants oppose the motion. R. Doc. 185. After reviewing the briefings and applicable law, the Court rules as follows.

### I. BACKGROUND & PRESENT MOTION

The Court is familiar with the extensive procedural and factual history of this case and will not regurgitate it here. See this Court's November 2, 2023 Order & Reasons, R. Doc. 140 for a full history. For the purpose of this motion, the relevant background is as follows.

Plaintiff AIG Specialty Insurance Company ("AIG") brought this action against Defendants James Agee ("Agee") and Shea Harrelson ("Harrelson") (collectively, "Defendants") seeking declaratory judgment from the Court that it is has no duty or obligation to pay out a judgment obtained by Defendants in state court against UTC Laboratories, Defendants' former employer, which was insured by AIG. R. Doc. 1 at 2-3. A bench trial in this matter was held on December 4, 2023 and the parties were to file post-trial briefings in the weeks that followed. Those briefings were timely filed on December 14 and December 21. *See* R. Docs. 182, 183.

Five days later, on December 26, 2023, AIG filed the instant motion seeking a partial judgment of dismissal, alleging that in the pretrial conference held on November 29, 2023, counsel

1

for Defendants agreed that certain policies and certain sections of policies were not at issue. Specifically, AIG states that at the pretrial conference, "the parties agreed and consented to the Court's entry of a Partial Judgment with respect to the dismissal of any claims for" coverage under the 2018-2020 policy, coverage under any policy's Fiduciary Liability Insurance sections, and coverage for defense costs, as defined by the policies, under the 2015-2017 and 2017-2018 policies. R. Doc. 184 at 1-2. AIG attaches an email exchange between the parties counsel in which Defendants' counsel refuses to agree to a consent motion on this matter, considering this a "remarkabl[e]" and "surprising[]" "about face." *Id.* at 3-4. AIG asks that this Court hold Defendants' counsel "to the statements and representations he made to the Court" because AIG relied on these statements in drafting the instant motion and Defendants failed to introduce evidence or argue these items during trial. *Id.* at 4.

Defendants oppose the motion and characterize AIG as "undaunted in filing frivolous motions" even at this post-trial stage. R. Doc. 185 at 1. Defendants consider coverage under the 2018-2020 policy a live issue because they amended the lawsuit to add more claims and parties after that policy period began and AIG continued to pay defense costs, so the Court would be within its right to find that this policy could be applicable. *Id.* at 2. On Fiduciary Liability section coverage, Defendants note that they never sought coverage under this section and thus there is nothing to dismiss, and AIG could have pursued a directed verdict on this matter some time ago but failed to do so. *Id.* Defendants also take issue with AIG "trying to sneak in a judgment of dismissal for" the 2015-2017 policy because that policy was not discussed at the pretrial conference. *Id.* at 3. Defendants close by mentioning that they informed AIG they would oppose the instant motion and did not consent to a joint motion on this matter, as the emails demonstrate,

but that AIG nevertheless filed this motion an ex parte/consent motion, and the Court should not entertain its tactics. *Id.*

## II. DISCUSSION

The instant motion is based on nothing more than a conversation that occurred during the pretrial conference, the transcript of which shows that the only assent offered by Defendants' counsel on any of the subjects at issue was "I think that's right." *See* Transcript Excerpts, R. Doc. 184-3 at 4-5. The Court agreed to consider a joint motion on these items should the parties agree and file such. *Id.* at 5. This motion, though filed as a consent motion, is opposed in full. Any issues raised therein that are relevant to the Court's ultimate judgment will be addressed in the Court's Findings of Fact and Conclusions of Law.

Accordingly, AIG's Motion for Entry of Partial Judgment of Dismissal is **DENIED**.

New Orleans, Louisiana, this 17th day of January, 2024.

                                                                  United States District Judge