UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| AIG SPECIALTY INSURANCE COMPANY | | CIVIL ACTION |
| VERSUS | | NO. 22-5410 |
| JAMES AGEE, ET AL | | SECTION "L" (2) |

## ORDER & REASONS

Before the Court is Defendants Agee and Harrelson's Motion to Correct Mistake, or Reconsideration of the Findings of Fact and Conclusions of Law, or for a New Trial. R. Doc. 188. Plaintiff AIG Specialty opposes the motion. R. Doc. 191. After a review of the briefings, applicable law, relevant portions of the record, and the parties' oral argument, the Court rules as follows.

### I.     BACKGROUND

Plaintiff AIG Specialty Insurance Company ("AIG") brought an action against Defendants James Agee ("Agee") and Shea Harrelson ("Harrelson") seeking declaratory judgment from the Court that it is has no duty or obligation to pay out a judgment obtained by Defendants in state court against UTC Laboratories, Defendants' former employer, which was insured by AIG. R. Doc. 1 at 2-3. AIG alleged that it was not properly noticed by UTC about Defendants' state court claim as was required under the insurance policy between itself and UTC. *Id.* at 5-6. As per AIG, the policy required that any claim made against UTC, the insured, must be made reported to AIG during the covered policy period or within ninety days after the expiration of the policy period. *Id.* at 9-11. AIG argued that should the Court find the claim did in fact satisfy the notice requirements in the policy, then alternatively the policies bar coverage under two separate theories: the wage exclusions contained in both the Employment Practices Liability ("EPL") and Directors, Officers, and Private Company Liability ("D&O") sections of the policies, and the breach of contract

1

exclusions contained in those two sections. Additional arguments put forth by the parties at various points in this litigation include whether the Defendants had a cause of action at all under Louisiana's Direct Action Statute and Bad Faith Statute.

A nonjury trial was held in this matter on December 4, 2023. The Court entertained extensive motion practice in the leadup to trial, including motions for summary judgment urged by each party, a motion for reconsideration following the Court's denial of both motions for summary judgment, and an emergency motion urged by AIG on the eve of trial. The Court heard oral argument on the summary judgment motions in October of 2023. Following trial, AIG urged a motion for entry of partial judgment of dismissal, which the Court denied.

The Court issued its Findings of Fact and Conclusions of Law on January 26, 2024 and on January 29, 2024, Defendants Agee and Harrelson filed the instant motion seeking a correction to the FOFCOL, partial reconsideration of the FOFCOL, or a new trial. R. Doc. 188. In its Findings of Fact and Conclusions of Law, the Court did not reach the issue of the wage exclusion and decided solely on the basis that the breach of contract exclusion bars coverage because the exception about whether liability would attach otherwise works against Defendants.

## II.     PENDING MOTION

Defendants Agee and Harrelson filed the instant motion seeking to correct a mistake in the Court's Findings of Fact and Conclusions of Law, Reconsideration pursuant to Rule 54, or for a New Trial pursuant to Rule 60. R. Doc. 188. Calling to the Court's attention what they consider an inadvertent mistake, Defendants argue that this Court in one of the prior rulings in this suit, the Order & Reasons denying reconsideration of the denial of summary judgment, R. Doc. 168, had already dispensed with the breach of contract exclusion and therefore the Court should revise its Findings of Fact and Conclusions of Law, reconsider its findings, or alternatively permit

Defendants to put on a full trial on this issue. They argue that they relied in earnest on language in this Court's reconsideration order and accordingly did not focus on it at trial. They urge the Court to rectify this by either issuing judgment in favor of Defendants because the exclusion does not bar coverage, or to permit them a new trial.

AIG opposes the motion, arguing that the earlier orders denying summary judgment and reconsideration are interlocutory and that the Court retains discretion to modify interlocutory orders prior to entry of final judgment. R. Doc. 191. AIG notes that Rule 54(b) permits a district court to change, modify, or rescind non-final rulings prior to final judgment if justice requires. *Id.* at 3. Accordingly, AIG argues the Court properly rescinded its earlier interlocutory ruling on this matter following a trial on the merits. Further, AIG argues that the Court permitted testimony on the breach of contract exclusion at trial and that Defendants' failure to argue or brief the matter at trial or in post-trial briefs forecloses any right to a new trial on that basis, as Defendants failed to identify a "manifest error of law" or "mistake of fact" pursuant to Rule 59. *Id.* at 8-10.

The Court heard oral argument from the parties on this motion on February 28, 2024.

## III. APPLICABLE LAW

Since the Federal Rules of Civil Procedure do not specifically recognize a motion for reconsideration, such motions are treated as either a motion to challenge a judgment or order under Rule 54(b), 59(e), or 60(b). *Holmes v. Reddoch*, 19-12749, 2022 WL 16712872 at *2 (E.D.La. Nov. 4, 2022). While Rules 59 and 60 apply to final judgments only, "if a party seeks reconsideration of an order that adjudicates fewer than all the claims among all the parties prior to entry of final judgment, then Rule 54(b) controls." *Id.* Rule 54 provides that district courts "possess[] the inherent procedural power to reconsider, rescind, or modify an interlocutory order for cause seen by it to be sufficient." *Melancon v. Texaco*, 659 F.2d 551, 552 (5th Cir. 1981).

Under such a standard, district courts can be "more flexible, reflecting the inherent power of the rendering district court to afford such relief from interlocutory judgments as justice requires." *Austin v. Kroger Tex., L.P.*, 864 F.3d 326, 336-37 (5th Cir. 2017). Though this standard is lower than the threshold used for reconsideration of judgments under Rule 59, courts still "look to similar considerations as those it considers when evaluating Rule 59(e) motions." *Edwards v. Take Fo' Records, Inc.*, 19-12130, 2020 WL 3832606 at *11 & n.2 (E.D. La. July 8, 2020). These considerations include "(1) an intervening change in the controlling law, (2) the availability of new evidence not previously available, or (3) a manifest error in law or fact." *Henry v. New Orleans La. Saints, L.L.C.*, No. 15-5971, 2016 WL3524107, at *2 (E.D. La. June 28, 2016).

"Federal Rule of Civil Procedure 54(b) provides that an order adjudicating fewer than all the claims among all the parties 'may be revised at any time' before the entry of a final judgment." *Iturralde v. Shaw Group, Inc.*, 512 F. App'x 430, 432 (5th Cir. 2013). Rule 54(b) permits a district court to "reconsider and reverse its decision for any reason it deems sufficient, even in the absence of new evidence or an intervening change in or clarification of the substantive law." *Holmes v. Reddoch*, 19-12749, 2022 WL 16712872, at *3 (E.D. La. Nov. 4, 2022) (quoting *Austin v. Kroger Texas, L.P.*, 864 F.3d 326, 336 (5th Cir. 2017)).

## IV. DISCUSSION

The primary argument Agee and Harrelson make is that certain language within the order denying reconsideration led them to believe that the Court had fully dispensed with the issue of the breach of contract exclusion and therefore the issues for trial were narrowed accordingly. While the Court understands AIG's opposition argument, it disagrees with the premise that the prior order dispensed with the issue and that this "interlocutory ruling" was modified or rescinded following trial.

As the Court explained during oral argument its prior ruling dealt with a motion for summary judgment. The Court denied summary judgment in whole, and then denied reconsideration in whole. There was no grant of summary judgment in part and denial in part, nor reconsideration, as to the breach of contract exclusion. Thus, these issues were reserved for trial. Further, the Court permitted testimony on this issue at trial. Summary judgment judge was denied because the Court found too many questions of fact throughout this case. The summary judgment motions urged by each party addressed numerous legal and factual issues, all of which the Court determined required a trial on the merits in order to more fully develop those factual questions. The Court understands Defendants' position, however the Court cannot escape the procedural ramifications of a denial of summary judgment and a denial of reconsideration followed by a trial on the merits. Procedurally and in fact, no issues were removed from trial by virtue of summary judgment (or reconsideration of summary judgment). After hearing testimony on the contractual issue and evaluating the credibility of the witness, the Court concluded that the insurance policy's contract exclusion was applicable.

Accordingly, Defendants' motion is **DENIED**.

New Orleans, Louisiana, this 1st day of March, 2024.

_____
United States District Judge