**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| **AIG SPECIALTY INSURANCE COMPANY** | | **CIVIL ACTION** |
| **VERSUS** | | **NO. 22-5410** |
| **JAMES AGEE, ET AL** | | **SECTION "L" (2)** |

## <u>ORDER & REASONS</u>

Before the Court is Defendants Agee and Harrelson's Motion for Costs or, Alternatively, Offset to Costs. R. Doc. 196. Plaintiff AIG Specialty opposes the motion. R. Doc. 198. After a review of the briefings, applicable law, relevant portions of the record, the Court rules as follows.

### I.    BACKGROUND

Plaintiff AIG Specialty Insurance Company ("AIG") brought an action against Defendants James Agee ("Agee") and Shea Harrelson ("Harrelson") seeking declaratory judgment from the Court that it is has no duty or obligation to pay out a judgment obtained by Defendants in state court against UTC Laboratories, Defendants' former employer, which was insured by AIG. R. Doc. 1 at 2-3. AIG alleged that it was not properly noticed by UTC about Defendants' state court claim as was required under the insurance policy between itself and UTC. *Id.* at 5-6. As per AIG, the policy required that any claim made against UTC, the insured, must be made reported to AIG during the covered policy period or within ninety days after the expiration of the policy period. *Id.* at 9-11. AIG argued that should the Court find the claim did in fact satisfy the notice requirements in the policy, then alternatively the policies bar coverage under two separate theories: the wage exclusions contained in both the Employment Practices Liability ("EPL") and Directors, Officers, and Private Company Liability ("D&O") sections of the policies, and the breach of contract exclusions contained in those two sections. Additional arguments put forth by the parties at various

1

points in this litigation include whether the Defendants had a cause of action at all under Louisiana's Direct Action Statute and Bad Faith Statute.

A nonjury trial was held in this matter on December 4, 2023. The Court entertained extensive motion practice in the leadup to trial, including motions for summary judgment urged by each party, a motion for reconsideration following the Court's denial of both motions for summary judgment, and an emergency motion urged by AIG on the eve of trial. The Court heard oral argument on the summary judgment motions in October of 2023. Following trial, AIG urged a motion for entry of partial judgment of dismissal, which the Court denied. The Court issued its Findings of Fact and Conclusions of Law on January 26, 2024 and denied Defendants' subsequent Motion to Alter Judgment. *See* R. Doc. 194.

## II.    PENDING MOTION

Defendants Agee and Harrelson filed the instant motion alleging that, pursuant to the Court's statements in the pretrial conference held on November 29, 2023, Defendants are entitled to the costs associated with the deposition of Dr. Tarun Jolly. R. Doc. 196-1 at 1-2. At that conference, just days before trial, counsel raised the need for an additional deposition to be used at trial, and Defendants allege they were informed of this only two days before the conference. *Id.* Initially, Dr. Jolly was to attend the trial as a witness and testify in person, however the Court briefly continued the trial dates from November to December and, with these new dates, Dr. Jolly could no longer attend. Therefore, his deposition became necessary, and the parties argued at the pretrial conference about these logistics so close to trial. As Defendants see it, the Court agreed to tax these costs to AIG because AIG failed to notify Defendants that it had noticed a deposition weeks early of this witness. *Id.* Defendants point to the following language by the Court at the pretrial conference, which was transcribed by a court reporter:

> THE COURT: I understand. But, look, if the trial is set for Monday and the guy is still in town and he's going to be leaving and he's not going to be here, let's take his deposition. I understand and take the position that you are entitled to some costs or something in view of it, but let's take the deposition.
>
> …
>
> THE COURT: Yeah, that's disappointing and let's focus on that from the standpoint of the costs. I'll let you put in the claim for costs. Let's get the deposition.
>
> …
>
> THE COURT: This is just basic stuff. Y'all are fighting at this time. It's just disappointing to me that something like this comes up. I understand it's an inconvenience with you. He tells me he's got a witness that he may call, that he wants to take the deposition of. You've got a week to do it or a couple of days to do it before we are starting trial. You've got a problem with it. Just give me some kind of cost estimate, and I'll deal with it with the cost estimate.

Transcript, R. Doc. 196-2 at 10-13. Defendants understood this to mean that they would be entitled to these costs, however they allege AIG has refused to pay the $1,679.80 associated with the deposition, thus the necessity of motion practice. R. Doc. 196-1 at 2-3.

AIG opposes the motion on the basis that the Court did not expressly agree to award costs but instead that the Court agreed to consider costs upon a motion or estimate following trial. R. Doc. 198. AIG alleges it also paid similar fees associated with deposition, as the party noticing it, and that the Court's judgment in this matter taxed Defendants with "all costs." Id. at 2. Further, AIG alleges that this motion for costs violates Local Rule 54.3, which requires "a party in whose favor judgment is rendered and who is allowed costs" to, within 35 days of entry of judgment, "serve on the attorney for the adverse party and file with the clerk a motion to tax costs on the forms prescribed by the court." E.D.L.A. Local Rule 54.3. AIG alleges that this motion was filed the day before the Court entered final judgment in favor of AIG, so the motion was not filed in the 35 day window following entry of judgment, nor did Defendants file the motion with the clerk's office or on the prescribed forms. R. Doc. 198 at 3-4. AIG also argues that it is well established

that a prevailing party is entitled to costs, and that Defendants have shown no equitable basis for its sought relief nor any justification for sanctioning AIG on this matter. *Id.* at 6-8.

### III. APPLICABLE LAW

Federal Rule of Civil Procedure 54(d)(1) authorizes district courts to award costs to prevailing parties. Fed. R. Civ. P. 54 (d)(1). "While there is a presumption in favor of awarding costs to the prevailing party, Rule 54(d) vests in the district court discretion to do so." *Rodman v. Ethicon, Inc.*, No. C20-6091, 2021 WL 4902484, at *1 (W.D. Wash. Sept. 2, 2021) (citing *Assoc. of Mexican-American Educators v. State of Cal.*, 231 F.3d 572, 591–92 (9th Cir. 2000)).

Title 28 United States Code, Section 1920 lists those costs that are taxable; as a corollary, courts may not award costs for items omitted from the statute. *Coats v. Penrod Drilling Corp.*, 5 F.3d 877, 891 (5th Cir. 1993). District courts have wide discretion to decide whether to award costs specified in the statute. *See id.*; *Marmillion v. Am. Int'l Ins. Co.*, 381 F. App'x 421, 429 (5th Cir. 2010). The statute authorizes costs and fees "for printed or electronically recorded transcripts necessarily obtained for use in the case." 28 U.S.C. § 1920(2); *see also Marmillion*, 381 F. App'x at 429 ("Costs related to the taking of depositions are allowed under § 1920(2) and (4) 'if the materials were necessarily obtained for use in the case.'").

### IV. DISCUSSION

At the pretrial conference, the Court acknowledged the position of Defendants' counsel but did not expressly agree to award costs associated with the deposition. The Court acknowledged that Defendants may be entitled to "costs or something in view of it" but did not preemptively award these costs to Defendants. Following this statement, the Court said that it would allow the parties to put in a claim for costs and told the parties to give the Court a cost estimate and it will deal with the matter at that time.

Following a trial on the merits, the Court entered judgment in favor of AIG and ordered Defendants to bear all costs. *See* R. Doc. 197. It is axiomatic that prevailing parties are entitled to costs and while some discretion exists in this area, the Court finds no reason to depart from the longstanding and well established law on this matter.

Accordingly, Defendants' Motion for Costs is **DENIED**.

New Orleans, Louisiana, this 22nd day of March, 2024.

United States District Judge